UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
JOSE S. MENDOZA,

                           Petitioner,

                                              MEMORANDUM & ORDER
          -against-                           09-CV-3814(JS)


WILLIAM LEE, SUPERINTENDENT OF
GREEN HAVEN CORRECTIONAL FACILITY,

                           Respondent.
------------------------------------X
APPEARANCES
For Petitioner:      Christopher Joseph Cassar, Esq.
                     Christopher J. Cassar, P.C.
                     13 East Carver Street
                     Huntington, NY 11743

For Defendants:      Marion M. Tang, Esq.
                     Suffolk County District Attorney's Office
                     Criminal Courts Building
                     200 Center Drive
                     Riverhead, NY 11901

SEYBERT, District Judge:

          Jose S. Mendoza ("Petitioner") petitions this Court

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For

the following reasons, his Petition is DENIED.

                          BACKGROUND

          On December 14, 2004, Petitioner was convicted of

Criminal Sexual Act in the First Degree, two counts of Sexual

Abuse in the First Degree, and Endangering the Welfare of a

Child in connection with his sexual abuse of a five-year-old

girl.   (Trial Tr. 1044-47.)   He was sentenced on February 2,

2005 to concurrent determinate terms of twenty-five years of incarceration and five years of post-release supervision on the count of Criminal Sexual Act in the First Degree, seven years of incarceration and three years of post-release supervision on the counts of Sexual Abuse in the First Degree, and one year of incarceration on the count of Endangering the Welfare of a Child.  (Pet. ¶¶ 10-11; Return ¶ 59.)

Petitioner appealed the judgment of conviction to the Appellate Division, Second Department on the grounds that: (1) the trial court committed reversible error by allowing the five-year-old victim to give sworn testimony (Appellant's Br. 28-33); (2) the evidence was legally insufficient to establish the required elements of the crimes charged beyond a reasonable doubt (Appellant's Br. 34-40); (3) he was denied a fair trial when the trial court refused to suppress the statements he made to the police[1] because the police arrested him without probable cause (Appellant's Br. 41-44); (4) he was denied a fair trial because the trial court allowed the introduction of several "outcry" witnesses (Appellant's Br. 45-48); (5) the trial court committed reversible error by allowing the prosecution to

_____

[1] After Petitioner waived his rights under Miranda (Hr'g Tr. 84-89), he told the police that while babysitting the victim and her siblings on or around March 28, 2004, he "was on the bed with [the victim], playing with her," and he "tickled her vulva, and then kissed her there" (Hr'g Tr. 100-01).  He stated that he was not wearing pants at the time.  (Hr'g Tr. 101.)

bolster the victim's testimony with prior consistent statements (Appellant's Br. 49-51); (6) he was denied a fair trial when the trial court allowed the prosecution's expert witness to speculate as to why there were no physical findings to support the victim's allegations of sexual abuse (Appellant's Br. 52-55); (7) he was denied a fair trial when the trial court allowed the prosecution to ask the victim leading questions (Appellant's Br. 56-60); and (8) his sentence was harsh and excessive (Appellant's Br. 61-62).

On March 4, 2008, the Appellate Division affirmed the judgment of conviction. People v. Mendoza, 49 A.D.3d 559, 853 N.Y.S.2d 364 (2d Dep't 2008). The court held that there was no merit to Petitioner's contention that he was arrested without probable cause because "[w]here, as here, an identified citizen accuses another individual of a specific crime, the police possess probable cause to arrest." Id. at 560, 853 N.Y.S.2d at 365 (citing N.Y. Crim. Penal Law § 70.10(2)). The court further held that the victim was competent to give sworn testimony, because the trial court's "examination of the child revealed that she knew the difference between telling the truth and telling a lie, promised to tell the truth, and indicated that she would be punished by her family and God if she lied." Id.

(citing N.Y. CRIM. PENAL LAW § 60.20(2)).[2] The Appellate Division also found that the trial court properly exercised its discretion in allowing the prosecution's expert to testify regarding the lack of physical findings of abuse and in allowing the prosecution to ask the victim leading questions. Finally, the court found that Petitioner's sentence was not excessive and that his remaining arguments were unpreserved for appellate review. Id. at 561, 853 N.Y.S.2d at 366.

Petitioner sought leave to appeal to the Court of Appeals, which was denied on June 12, 2008, People v. Mendoza, 10 N.Y.3d 937, 892 N.E.2d 409, 862 N.Y.S.2d 343 (2008), and on September 3, 2009, Petitioner filed the pending application for a writ of habeas corpus pursuant.

DISCUSSION

I.   Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner when prior state adjudication of the prisoner's case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

---

[2] In the alternative, the court held that the victim "could properly have been permitted to testify as an unsworn witness because her testimony was sufficiently corroborated by other evidence." Id. (citing N.Y. CRIM. PENAL LAW § 60.20(2)).

the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005). "A state-court decision involves an unreasonable application of [the Supreme] Court's clearly established precedents if the state court applies [them] to the facts in an objectively unreasonable manner." Id. Clearly established Federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Yarborough v. Alvarado, 541 U.S. 652, 660-61, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) (internal quotation marks and citation omitted).

II. The Petition

The grounds on which Petitioner seeks federal habeas relief are extremely unclear as the Petition itself only cites to federal law when describing the standard of review under Section 2254. The Court, nonetheless, interprets the Petition broadly as asserting the following grounds for relief: (1) that

5

the trial court's evidentiary errors[3] "so infected the entire trial" that Petitioner's conviction violated due process (Pet. ¶ 69); (2) that Petitioner's sentence was unduly harsh in violation of the Eighth Amendment (Pet. ¶ 65); and (3) that Petitioner's Fourth Amendment rights were violated when the trial court denied his motion to suppress his statements made to the police. The Court will address each in turn.

A.    Trial Court's Evidentiary Errors

State court evidentiary errors can rise to the level of a constitutional violation if the errors "so infused the trial with unfairness as to deny due process of law." Estelle v. McGuire, 502 U.S. 62, 75, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (internal quotation marks and citation omitted); see also Evans v. Fischer, 816 F. Supp. 2d 171, 187 & n.11 (E.D.N.Y. 2011) (collecting Supreme Court cases). However, before raising this claim in support of a petition for a writ of habeas corpus, a petitioner must exhaust any available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of

_____

[3] The Petition specifically refers to the following alleged evidentiary errors: (1) allowing the victim to provide sworn testimony (Pet. ¶¶ 25-40); (2) allowing several "outcry" witnesses to testify at trial (Pet. ¶¶ 47-56); (3) allowing the introduction of prior consistent statements of the victim to bolster her testimony (Pet. ¶¶ 57-58); (4) allowing the prosecution's expert to testify about the lack of physical findings of abuse (Pet. ¶¶ 59-61); and (5) allowing the prosecution to ask the victim leading questions (Pet. ¶¶ 62-64).

both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005); see also Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) ("Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." (citations omitted)); St. Helen v. Senkowski, 374 F.3d 181, 182-83 (2d Cir. 2004) ("To satisfy the exhaustion requirement of 28 U.S.C. § 2254(b), a petitioner must alert the state court to the constitutional nature of a claim but need not refer[] [to] chapter and verse [of] the U.S. Constitution." (alterations in original) (internal quotation marks and citation omitted)). A petitioner provides sufficient notice to the state court that it is to decide federal constitutional claims if he:

> (a) reli[es] on pertinent federal cases employing constitutional analysis, (b) reli[es] on state cases employing constitutional analysis in like fact situations, (c) assert[s] . . . the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) alleg[es] . . . a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Att'y Gen., 696 F.2d 186, 194 (2d Cir. 1982); accord Petrucelli, 735 F.2d at 688. Petitioner has failed to do that here. He relied exclusively on state law in support of his

7

evidentiary arguments to the Appellate Division,[4] and the Court

cannot find that Petitioner's general argument to the Appellate

Division "made clear that he was asserting federal

constitutional rights." Petrucelli, 735 F.2d at 690 (describing

the difference between classifying a petitioner's argument as a

state law evidentiary issue or a federal constitutional one as

"more than semantical" because trial judges typically have

discretion when deciding evidentiary issues but not "when the

argument is raised to the federal constitutional level"). The

fact that Petitioner asserted that the trial court's evidentiary

errors "denied him a fair trial," did not put the state court on

notice that he was asserting a federal due process violation.

See Daye, 696 F.2d at 193 ("[N]ot every event in a criminal

---

[4] Petitioner cited to only three cases in his sixty-three page appellate brief that engage in any sort of constitutional analysis. The first is People v. Morales, 80 N.Y.2d 450, 606 N.E.2d 953, 591 N.Y.S.2d 825 (1992) (see Appellant's Br. 29-30); however, the constitutional discussion in Morales, which concerns a criminal defendant's right to be present at trial, was not cited by Petitioner as it is irrelevant to his habeas petition. The second is Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); however, he cites to Jackson merely to supply the standard used on a criminal appeal --i.e., that a court must consider, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, id. at 319 (Appellant's Br. 40). Further, Petitioner is not asserting as a ground for relief in his federal habeas petition that the evidence was legally insufficient. And, finally, he cites to Henry v. United States, 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d 134 (1959) in his section on probable cause (Appellant's Br. 42), which the Court will address in more detail below. See supra pages 11-12.

proceeding that might be described as 'unfair' would be a violation of the defendant's rights under the Constitution."); Kirksey v. Jones, 673 F.2d 58, 60 (2d Cir. 1982) ("Alleging lack of a fair trial does not convert every complaint about evidence or a prosecutor's summation into a federal due process claim."). Thus, the Court finds that Petitioner's federal due process claim is unexhausted.

"A petitioner must return to state court if he has not exhausted his state remedies." Cadilla v. Johnson, 119 F. Supp. 2d 366, 374 n.7 (S.D.N.Y. 2000) (citing Engle v. Isaac, 456 U.S. 107, 125-26 n.28, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982)). If, however, a petitioner has no available state court forum to litigate his unexhausted claims, those claims will be deemed exhausted but forfeited. See id.; Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). Here, Petitioner has already appealed to the Appellate Division and the Court of Appeals; therefore, he is now barred from raising his unexhausted claim in state court, see N.Y. CT. RULES § 500.20(a) (permitting the filing of only one direct appeal and one application for leave to appeal to the Court of Appeals); N.Y. CRIM. PROC. LAW § 440.10(2)(c) (barring collateral review if a claim could have been raised on direct review). Therefore, although Petitioner's federal due process

claim is exhausted, it is procedurally barred and cannot be considered by this Court.[5]

B.    Unduly Harsh Sentence

Petitioner also asserts that his sentence was unduly harsh and severe in violation of the Eighth Amendment.[6]  The Court finds that this claim is also procedurally barred, as Petitioner failed to raise the constitutional nature of his claim on direct appeal, relying instead on N.Y. CRIM. PROC. LAW § 470.15(2)(c).    Nonetheless, Petitioner's Eighth Amendment claim is meritless.    "No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."  White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (citation omitted).    Here, Petitioner was sentenced to a determinate term of twenty-five years--the maximum sentence prescribed by the New York Penal Law for the crimes for which Petitioner was convicted.  See N.Y. PENAL LAW §

---

[5] A federal court may nonetheless reach the merits of a procedurally barred claim if the petitioner can demonstrate "both cause and prejudice--cause for the default and prejudice arising from imposing the bar of a default," or actual innocence.  Strogov v. Att'y Gen., 191 F.3d 188, 193 (2d Cir. 1999).  Petitioner, however, has failed to make a showing that his Petition falls within any of these exceptions.

[6] Petitioner actually asserts that he was "denied due process when the court imposed a sentence of incarceration of twenty-five (25) years which is unduly harsh and severe."  (Pet. ¶ 65 (emphasis added).)  This is more appropriately characterized as a violation of his rights under the Eighth Amendment, and the Court will analyze it as such.

10

130.50 (describing the offense of criminal sexual act in the first degree as a class B felony); N.Y. PENAL LAW § 70.80(4)(a)(i) (stating that the sentence for a class B felony sex offense is a determinate term of at least five years and no more than twenty-five years). Accordingly, this claim is without merit.

C.    Unreasonable Search and Seizure

Petitioner's final claim is that his right under the Fourth Amendment[7] to be free from unreasonable search and seizure was violated. (Pet. ¶ 41.) Specifically, Petitioner alleges that the trial court should have suppressed the statements that he made to the police because the police lacked probable cause for his arrest. (Pet. ¶ 41.) The Court, however, is barred from reviewing this claim. The Supreme Court in Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." See also Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977); Capellan v. Riley, 975 F.2d 67, 70 (1992). The Second Circuit has held that a state prisoner has been denied an opportunity for a full and

_____

[7] Again, Petitioner inappropriately characterizes his claim as a violation of his right to due process.

11

fair litigation of his Fourth Amendment claims if: (1) "the state provides no corrective procedures at all to redress Fourth Amendment violations" or (2) "the defendant [was] precluded from utilizing [the state's corrective procedures] by reason of an unconscionable breakdown in that process." Gates, 568 F.2d at 840. Neither situation exists here. Rather, Petitioner had a full opportunity to challenge the state court's probable cause finding at pretrial Huntley, Dunaway, and Payton hearings and on appeal to the Appellate Division. And Petitioner does not assert that there was an "unconscionable breakdown" of any of those proceedings. The Court, therefore, is barred from reaching the merits of his Fourth Amendment claim.

## CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

12

The Clerk of the Court is directed to mark this matter

CLOSED.

SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     October __24__ , 2012
           Central Islip, NY